# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SIMMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DNC PARKS & RESORTS AT TENAYA, INC., a Delaware corporation; DELAWARE NORTH COMPANIES PARKS & RESORTS, INC., a Delaware Corporation; DELAWARE NORTH COMPANIES, INCORPORATED, a Delaware Corporation; and DOES 1 - 50 inclusive,<br><br>　　　　Defendants. | CASE NO. 1:13-CV-2075 SMS<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING RE SUBJECT MATTER JURISDICTION |

　　Plaintiff filed his complaint in this Court on December 20, 2013 invoking original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction. Plaintiff alleged that he was and is residing in Madera County, California. Plaintiff alleged, and Defendants admitted in their answer, that all Defendants are Delaware corporations that employ individuals and do business in Mariposa County, California. Defendants "admit" in their answer that jurisdiction in the federal court is proper.

　　Defendants filed a motion for summary judgment on November 3, 2014, the first motion filed in this matter. Upon review of the parties' filings, the Court has a sincere doubt that federal jurisdiction is proper and will require supplemental briefing by the parties.

　　Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original

1   jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of
2   citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find
3   complete diversity of citizenship between the parties opposed in interest, and the amount in
4   controversy must exceed $75,000. 28 U.S.C. § 1332(a); *Kuntz v. Lamar Corp*., 385 F.3d 1177,
5   1181 (9th Cir. 2004).

6         "[A] corporation shall be deemed to be a citizen of every State and foreign state by which
7   it has been incorporated and of the State or foreign state where it has its principal place of
8   business." 28 U.S.C. § 1332(c)(1). For diversity jurisdiction purposes, a corporation's principal
9   place of business, or the "nerve center," as it has been called in Courts of Appeals, refers to "the
10  place where a corporation's officers direct, control, and coordinate the corporation's activities."
11  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). It is not the place where the corporation
12  "simply has an office where the corporation holds its board meetings." *Id*.

13        From the parties' papers, it appears that Defendant DNC Parks & Resorts at Tenaya, Inc.
14  ("DNC at Tenaya")'s principal place of business is in California. The parties allege that Plaintiff
15  was employed by DNC at Tenaya and worked as an assistant food and beverage manager at
16  Tenaya Lodge, a resort near Yosemite National Park in California. Defendants allege that DNC at
17  Tenaya is operated independently from the other two defendants.  Specifically, Defendants allege
18  that "[t]he day to day management of the facility, as well as the management, hiring, discipline,
19  and termination decisions regarding the DNC [at Teyana] employees are all handled on location at
20  DNC [at Teyana]." Doc. 22, Defendants' Motion, 2:15-18. DNC at Tenaya "has its own separate
21  management, which is responsible for all operating aspects of its business." *Id*. at DNC at Tenaya
22  appears to also maintain distinct operations from DNC Parks and Resorts at Yosemite, Inc.,
23  another subsidiary of Delaware North Companies, Inc. The Court is therefore inclined to believe
24  that the place where DNC at Tenaya's officers direct its activities is on location at Tenaya Lodge
25  in California, which would disrupt complete diversity of citizenship.

26        Each of Plaintiff's nine causes of action in his complaint are brought under California law.
27  Federal courts are of limited jurisdiction and this district bears a highly impacted docket. Failure
28  to sufficiently assert subject matter jurisdiction will result in dismissal.

Accordingly, it is hereby ORDERED:

1. that Plaintiff submit supplemental briefing on the matter of subject matter jurisdiction within fifteen (15) days of entry of this order; and
2. that Defendants submit supplemental briefing on the matter of subject matter jurisdiction within thirty (30) days of entry of this order.

IT IS SO ORDERED.

Dated:   **March 13, 2015**                    **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE