# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SIMMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DNC PARKS & RESORTS AT TENAYA, INC., a Delaware corporation; DELAWARE NORTH COMPANIES PARKS & RESORTS, INC., a Delaware Corporation; DELAWARE NORTH COMPANIES, INCORPORATED, a Delaware Corporation; and DOES 1 - 50 inclusive,<br><br>　　　　　Defendants. | CASE NO. 1:13-CV-2075 SMS<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Doc. 42) |

Plaintiff Timothy Simms filed the complaint in this matter on December 20, 2013, bringing several causes of action arising under California law related to his employment termination, and invoking diversity jurisdiction under 28 U.S.C. § 1332. Defendant did not object to federal jurisdiction. After discovery was complete, Defendants collectively filed a motion for summary judgment, the first substantive order in this matter. The Court ordered supplemental briefing regarding subject matter jurisdiction on March 13, 2015. Before the Court is Plaintiff's ex parte application for leave to file a first amended complaint which adds federal claims, or in the alternative, an order shortening time for a motion. For the following reasons, the Court finds that Plaintiff has not shown good cause for ex parte relief and his application will be denied.

**I.　　Discussion**

Plaintiff does not specifically address his reason for bringing his request to file an amended complaint as an ex parte application and not as a regularly noticed motion.  Plaintiff's ex parte application is written as a motion, setting forth the reasons why he should be granted leave to file an amended complaint. Plaintiff argues that Defendants will not be substantially prejudiced by the amendment, amendment is not sought in bad faith, amendment would not cause undue delay, and

amendment is not futile. Plaintiff requests, in the alternative, shortened time for hearing on a motion for the same relief. Plaintiff seems to argue that he would be irreparably prejudiced if his motion for leave to file an amended complaint alleging was heard after Defendants were required to submit supplemental briefing regarding subject matter jurisdiction. Plaintiff also mentions Defendants' pending motion for summary judgment, which has been taken under submission, and suggests that the order on the MSJ should also address his federal claims.

Eastern District of California Local Rule 230 requires that a moving party file and serve moving papers, and set a hearing date not less than 28 days after service and filing of the motion. "Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes." *In re Intermagnetics America, Inc.*, 101 Bankr. 191, 193 (C.D. Cal. 1989).

An ex parte application or motion circumvents these timetables for some urgent or special reason why relief may not be had through a regularly noticed motion. "The purpose of […] the ex parte motion papers is to establish why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner" and "why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). They will only be granted upon a showing that: 1) the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures; and 2) the moving party must establish that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *Id*. "Lawyers must understand that filing an ex parte motion […] is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." *Id*.

In this District, ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order. L. R. 144(e).

Regrettably, Plaintiff brought his motion for leave to file an amended complaint on an ex parte basis without any urgent crisis or "fire" warranting his circumvention of the clearly

established procedural rules. Plaintiff has not explained how he will be irreparably prejudiced if his motion is heard according to the regular timetable. The Court fails to see how Plaintiff will be irreparably prejudiced if the hearing on his motion was held after the supplemental briefing on subject matter jurisdiction is due. Likewise, the pending MSJ and trial date are not satisfactory explanations warranting ex parte relief. The Court will hold Defendants' MSJ in abeyance until the issue of subject matter jurisdiction is resolved. If required, the trial date will also be continued. Federal jurisdiction is limited and must be established before a matter is properly before the Court.

Thus, Plaintiff's ex parte application is denied. To be clear, the March 13, 2014 order directing supplemental briefing (Doc. 37) remains unaffected.

**II.     Order**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's ex parte motion to file a first amended complaint is DENIED without prejudice. Should he choose to do so, Plaintiff may file a properly noticed motion in accordance with Local Rule 230.

IT IS SO ORDERED.

Dated:   **March 30, 2015**                    **/s/ Sandra M. Snyder**
                                               UNITED STATES MAGISTRATE JUDGE