UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY SIMMS, | CASE NO. 1:13-CV-2075 SMS |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| DNC PARKS & RESORTS AT TENAYA, INC., a Delaware corporation; DELAWARE NORTH COMPANIES PARKS & RESORTS, INC., a Delaware Corporation; DELAWARE NORTH COMPANIES, INCORPORATED, a Delaware Corporation; and DOES 1 - 50 inclusive, | |
| Defendants. | |

Plaintiff filed his complaint in this Court on December 20, 2013. Doc. 1. He brought nine causes of action arising under California law against Defendants related to their termination of his employment several months after his disability leave. Plaintiff filed a motion for leave to file a first amended complaint on April 1, 2015, seeking to add two causes of action arising under federal law. Doc. 47.

**I.   SUBJECT MATTER JURISDICTION**

The Court had doubts as to the existence of subject matter jurisdiction and required the parties to submit supplemental briefing to address this concern. Doc. 37. The complaint alleged diversity of citizenship, but it appeared that at least one defendant, DNC Parks & Resorts at Tenaya, Inc. ("DNC at Tenaya") was a citizen of California, as was Plaintiff. Defendants submitted a declaration, asserting that DNC at Tenaya has three directors, two of whom are located in Buffalo, New York, with the third located in Boston, Massachusetts. Doc. 49. Defendants further asserted that critical aspects of DNC at Tenaya's operations, including

executive, payroll, accounting, human resources, and capital spending are made at the corporate headquarters in Buffalo.

For diversity jurisdiction purposes, a corporation's principal place of business, or the "nerve center," as it has been called in Courts of Appeals, refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The court may properly require a party asserting federal subject matter jurisdiction to establish its jurisdictional allegations by competent proof. *See Id*. at 130 S. Ct. at 1194-95. Based on the evidence provided by Defendants, the Court may reasonably conclude that DNC at Tenaya's nerve center is in New York, and subject matter jurisdiction based on diversity has been sufficiently established by competent proof.

## II.     BACKGROUND

Plaintiff alleges in his proposed first amended complaint that he was employed by Defendants in July 2010 as an assistant food and beverage manager at DNC at Tenaya.[1] In June 2011, he suffered an injury at work and was limited by a doctor to modified work duties, which he performed competently for approximately two and a half months, with one week medical leave in July. From August 2, 2011 to September 29, 2011, Plaintiff was placed on temporary disability, which Defendants designated as FMLA leave. Upon returning to work in September 2011 until January 2012, Plaintiff performed his modified duties competently. On January 4, 2012, Plaintiff was told that his position was terminated and he was escorted from the building. At least twice in the following year and a half, Plaintiff was approached with a job offer from Defendants, but he did not end up receiving either job.

Plaintiff filed his original complaint in this Court alleging wrongful termination, disability discrimination, failure to provide reasonable accommodations, failure to engage in the interactive process, unlawful retaliation, failure to prevent discrimination and/or retaliation, retaliation in violation of CFRA, intentional infliction of emotional distress, and unfair business practices. After discovery was closed, Defendants filed a motion for summary judgment, the first motion on the

---

[1] Defendants dispute that all Defendants employed Plaintiff. For the purposes of this motion, Plaintiff's allegations are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

merits of this case. The parties' briefing raised a concern over federal subject matter jurisdiction, as mentioned above. Plaintiff filed an ex parte application for leave to file a first amended complaint in order to add federal claims and maintain federal jurisdiction, which was denied for failing to demonstrate irreparable prejudice.

In the instant motion, and in his reply, Plaintiff implies that he is only requesting leave to file an amended complaint to add federal claims to remain in federal court. See Doc. 47, Motion at 6:24-26, 8:27-28; Doc. 51, Reply at 2:9-12. Plaintiff's proposed amended complaint adds references to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. Plaintiff argues that he is "not seeking to add any new causes of action or new facts," but is "clarifying his claims by referencing the applicable federal statutes in addition to the previously referenced state statues." Doc. 47 at 5:15-17. However, Plaintiff also argues that the Court should consider whether or not Plaintiff can prevail on violations of the federal statutes in the order on the motion for summary judgment. Plaintiff argues that the amendment does not substantially prejudice Defendants, is not made in bad faith, will not cause undue delay, and is not futile. Plaintiff's reasoning to support each of these arguments is the same - that the federal claims are substantially similar to the state claims and are based on the same facts.

Defendants argue that Plaintiff unduly delayed seeking leave to file an amended complaint because he knew the facts and theories raised by the amendment at the time of the original pleading. Defendants further argue that they would suffer prejudice if the amendment were permitted because they would be required to file a separate or supplemental motion for summary judgment to address the federal causes of action, and would possibly need to seek to reopen and conduct additional discovery.

The Court has reviewed the proposed amendment and, without determining if it is brought with undue delay or would prejudice Defendants, finds that the proposed amendment would be futile because it would be subject to dismissal for failure to state a cognizable claim.

**III.    LEGAL STANDARD**

Leave to amend "shall be given freely when justice so requires." FRCP 15(a). "But a

district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." A*merisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

A proposed amendment is futile if it fails to state a cognizable claim and would be subject to dismissal under Rule 12(b)(6). *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."); S*AES Getters S.p.A. v. Aeronex, Inc*., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("an amendment is 'futile' only if it would clearly be subject to dismissal"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*).

**IV.   DISCUSSION**

Plaintiff desires that the Court issue an order on Defendants' liability under the federal statutes, and is, in fact, adding new claims in spite of his contrary assertion. Causes of action arising under federal law and state law may be similar and based on the same conduct, but each require proof of different elements and maintain different statutory penalties. Merely to identify federal statutes throughout a complaint,stating that such statutes *could* have been violated, does

not give rise to federal question jurisdiction, which requires that a case arise under federal law, not merely be related or similar to a violation of federal law. *See* 28 U.S.C. § 1331. Considering Plaintiff's motion as a whole, the Court will assume that Plaintiff intended to add two federal causes of action.

### A. ADA Violation

A plaintiff bringing an ADA violation claim must exhaust administrative remedies, which begins with filing a complaint with the EEOC. *See* § 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b); 42 U.S.C. § 2000e-5(e)(1). A district court properly dismisses ADA claims for failure to exhaust administrative remedies. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (Under Title VII and the ADA, "failure to file an EEOC charge within the prescribed 300-day period […] is treated as a violation of a statute of limitations[.]").

Here, Plaintiff's proposed amendment contains no facts indicating that he has exhausted his administrative remedies in relation to the alleged ADA violations. Hence, the proposed amendment would be futile, because it would be subject to dismissal for failure to state a claim under which relief may be granted.

### B. FMLA Violation

Plaintiff alleges that Defendants retaliated against him for lawfully exercising his right to take FMLA leave. See Doc. 47, Exh. 1, Proposed Amended Complaint at 22:8-19. He alleges that his FMLA leave was a motivating factor in Defendants' decision to terminate his employment. *Id*. at 22:18-19.

Although Plaintiff's FMLA allegations are framed as retaliation, Plaintiff's grievance is more appropriately brought under the FMLA prohibition on interference. "By their plain meaning, the anti-retaliation or anti-discrimination provisions do not cover visiting negative consequences on an employee simply because he has used FMLA leave. Such action is, instead, covered under § 2615(a)(1), the provision governing 'Interference [with the] Exercise of rights.'" *Bachelder v. Am. W. Airlines, Inc*., 259 F.3d 1112, 1124 (9th Cir. 2001); *followed by Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

It is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the

1  attempt to exercise, any right provided" by the FMLA. 29 U.S.C. § 2615(a)(1). Under the FMLA
2  prohibition against interference, "employers cannot use the taking of FMLA leave as a negative
3  factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. §
4  825.220(c). To properly bring an FMLA interference claim, Plaintiff needs to sufficiently allege,
5  with direct or circumstantial evidence or both, that his taking of FMLA-protected leave constituted
6  a negative factor in the decision to terminate him. *See Bachelder*, 259 F.3d at 1125.

7  Here, Plaintiff has not alleged any facts indicating that Defendants considered Plaintiff's
8  FMLA leave as a negative factor in their decision to terminate him. Plaintiff's seventh cause of
9  action merely states that Plaintiff requested and took FMLA leave, which were motivating factors
10 in Defendants' decision to terminate Plaintiff's employment. Plaintiff alleges Defendants
11 discussed the possibility of similar work at least twice after Plaintiff's termination. The only
12 allegation Plaintiff provides that implies that Defendants had some reason to terminate him other
13 than eliminating his position, is that two of his coworkers with similar positions complained that
14 they were not able to perform office work and had to work harder because of accommodations
15 being made for Plaintiff. Doc. 47, Exh. 1 at 9:11-19. However, this alleged fact is related to
16 Plaintiff's disability accommodations, and not the fact that he requested or took FMLA leave. To
17 maintain an FMLA interference claim, Plaintiff must sufficiently allege facts that support his
18 allegation that his FMLA-protected leave was a negative factor in Defendants' termination
19 decision. Plaintiff has not done so in his proposed amended complaint.

20 Plaintiff must set forth "the grounds of his entitlement to relief," which "requires more
21 than labels and conclusions, and a formulaic recitation of the elements of a cause of action."
22 *Twombly*, 550 U.S. at 555-56. In his proposed amended complaint, Plaintiff merely recites the
23 elements of the cause of action without any facts to support it. Legal conclusions are not accepted
24 as true. Plaintiff's proposed amendment does not state a cognizable FMLA claim; hence, to allow
25 the amendment would be futile.

26 \\\
27 \\\
28 \\\

**V.     ORDER**

For the foregoing reasons, Plaintiff's motion for leave to file a first amended complaint is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2015**                              **/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE